UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVEPREET SINGH (A# 208-203-248), | No.  1:26-cv-00030 DJC SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN OF THE HOLDEN STATE ANNEX ICE DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.    Factual and Procedural History**

Petitioner is a citizen and national of India who is currently detained at the Golden State Annex Immigration Detention Facility within this judicial district.  ECF No. 19 at 5, ¶ 19. Immigration officials encountered petitioner on October 25, 2015, near Lukeville, Arizona, and placed him in expedited removal proceedings under 8 U.S.C. § 1225(b)(1)(A) after determining he entered the country unlawfully.  ECF No. 10 at 47, 49.  Officials vacated the expedited removal order on November 4, 2025, after an asylum officer found petitioner demonstrated a

1

credible fear of persecution or torture.  Id. at 51-52.  On January 20, 2016, an immigration judge ("IJ") granted petitioner's request for custody redetermination under 8 C.F.R. § 236.1 and ordered his release on $16,000 bond.  Id. at 54.  Petitioner posted bond and was released on January 22, 2016.  ECF No. 19 at 2, ¶ 3.

On November 27, 2019, petitioner was convicted of DUI under Cal. Veh. Code § 23152(b) and sentenced to two days in jail.  ECF No. 19 at 2, ¶ 4.  On November 3, 2025, petitioner was arrested for robbery under California Penal Code § 211.  ECF No. 19 at 2, ¶ 5; ECF No. 10 at 7-26.  Two days later, Immigrations and Customs Enforcement (ICE) agents arrested petitioner as he was leaving Fresno County Jail after posting being released on bail.  ECF No. 19 at 5 at 2, ¶ 6; ECF No. 10 at 5-6.  Petitioner remains in immigration detention and his robbery charge is pending.  Id.

Petitioner, proceeding pro se, filed the instant § 2241 petition on January 5, 2026.  ECF No. 1.  Due to the complexity of the legal issues involved, the undersigned appointed counsel and granted leave to file an amended petition.  ECF No. 12.  In the counseled amended petition, petitioner alleges that his re-detention without an individualized determination of a material change in circumstances violated the Due Process Clause of the Fifth Amendment (substantive and procedural due process) and the Immigration and Nationality Act (INA).  ECF No. 19 at 12-15.  Petitioner requests immediate release and an injunction preventing his re-arrest and re-detention without a pre-deprivation hearing in which respondents must show, by clear and convincing evidence, that petitioner is neither a flight or danger risk.  Id. at 15.

Respondents opposed petitioner's pro se petition on grounds petitioner is ineligible for bond as an "applicant for admission" under 8 U.S.C. § 1225(b) and lacks "a right to freedom from immigration detention in any form other than the form provided by Congress."  ECF No. 7 at 1-2 (citing Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953)).  Respondents incorporate these arguments into their answer/return to the amended petition but acknowledge "Petitioner was previously released by ICE, and that judges in this District have granted bond hearings before [IJs] and other relief like the relief the Petitioner requests here on that basis."  ECF No. 20 at 1-2, n.1.  Respondents state this case is not "substantively distinguishable from

those cases" but respectfully disagrees with their holdings and request that if the Court order relief it be a bond hearing based on petitioner's criminal history.  Id. (citing Calvillo v. Chestnut, No. 1:26-cv-0569 DC CSK (HC), 2026 WL 253627 (E.D. Cal. Jan. 31, 2026)).

## II.   Legal Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).  Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether they are "seeking admission" or are "admitted" under immigration law.  Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S. 537 (2007); see also Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023) (finding that the plaintiffs who were detained under § 1225(b)(1) adequately alleged a right under "substantive due process to bond hearings" because "the Supreme Court has consistently held that non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals"); Rosales-Garcia v. Holland, 322 F.3d 386, 412 (6th Cir. 2003) (en banc) ("If excludable [non-citizens] were not protected by even the substantive component of constitutional due process, ... we do not see why the United States government could not torture or summarily execute them. ... [W]e conclude that government treatment of excludable [noncitizens] must implicate the Due Process Clause of the Fifth Amendment.").  The Due Process Clause "protects individuals against two types of government action: violations of substantive due process and procedural due process." United States v. Quintero, 995 F.3d 1044, 1051 (9th Cir. 2021) (internal quotation omitted).  As a matter of substantive due process, governmental action may only infringe a fundamental right if "the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 302 (1993).

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause.  The second step

examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

**III.    Discussion**

The statutory authority for petitioner's current detention is ambiguous. The record evidence from his initial apprehension in October 2015 shows that officials applied 8 U.S.C. § 1225(b)(1). See ECF No. 10 at 44-52. Under this process, non-citizens like petitioner arrested at or near the border without valid entry documents are normally ordered removed "without further hearing or review" pursuant to an expedited removal process. See 8 U.S.C. § 1225(b)(1)(A)(i). But if such non-citizen "indicates either an intention to apply for asylum ... or a fear of persecution," then that non-citizen is referred for an asylum interview. See 8 U.S.C. § 1225(b)(1)(A)(ii). While awaiting this credible fear interview, the non-citizen is to remain detained. See 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). If an immigration officer determines after that interview that the non-citizen has a credible fear of persecution, "the [non-citizen] shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). At that point, the asylum applicant will receive full consideration of the asylum claim in a standard removal hearing.

The statutory mechanism for release from detention for an asylum applicant like petitioner

4

apprehended at the border is temporary release on parole "for urgent humanitarian reasons or significant public benefit."  8 U.S.C. § 1182(d)(5)(A); see also 8 C.F.R §§ 212.5(b), 235.3. However, the record shows that an IJ granted petitioner's release on bond pursuant to 8 C.F.R. § 236.1(c), a DHS regulation implementing the discretionary detention scheme at 8 U.S.C. § 1226(a).  ECF No. 10 at 54.  The administrative warrant for petitioner's November 2025 arrest similarly lists 8 U.S.C. § 1226 as the statutory authority for his arrest.  Id. at 62.

Petitioner acknowledges the lack of clarity around the statutory basis for his detention throughout the amended petition.  Still, because the respective procedures for release under 8 C.F.R. § 1236.1 (release under § 1226(a)) and 8 C.F.R. § 212.5 (humanitarian parole) "necessarily reflect[] a determination that the noncitizen is neither a flight risk nor a danger to the community[,]" petitioner insists his re-detention without a showing of changed circumstances violates due process.  See ECF No. 19 at 13-14.

The undersigned agrees.  Indeed, the majority of district courts in this Circuit, including the District Judge assigned to this case, have held that noncitizens acquire a protected liberty interest upon release or parole and that procedural due process requires pre-deprivation notice and hearing before rearrest and re-detention.[1]  See Lopez v. Lyons, No. 2:25-cv-3174 DJC CKD, 2025 WL 3124116, at *3-*4 (E.D. Cal. Nov. 7, 2025) and Garcia Mariagua v. Chestnut, No. 1:25-cv-1744 DJC CSK, 2025 WL 3551700, at *3 (E.D. Cal. Dec. 11, 2025) (release on recognizance under 8 U.S.C. § 1226(a)); Ortega v. Noem, No. 1:25-cv-1663 DJC CKD, 2025 WL 3511914, at *3 (E.D. Cal. Dec. 8, 2025), Torres-Zuluaga v. Wofford, No. 1:26-cv-0318 DJC EFB, 2026 WL 184662, at *4–5 (E.D. Cal. Jan. 23, 2026), and M.B. v. Noem, No. 1:26-cv-0005 DJC AC, 2026 WL 74155, at *3 (E.D. Cal. Jan. 9, 2026) (paroled under 8 U.S.C. § 1182(d)(5)(A)).

---

[1]  Respondents briefly argue that petitioner "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress."  ECF No. 7 at 2 (citing Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953)).  However, Shaughnessy and its progeny, particularly Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103 (2020), are materially distinguishable from this case.  The Supreme Court's discussion of due process in Thuraissigiam "is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question."  Padilla, 704 F. Supp. 3d at 1171-72.  Moreover, neither Shaughnessy nor Thuraissigiam involved the non-citizen being released to live in the United States, as was the case here.

Respondents acknowledge that this case is not "substantively distinguishable" from this line of cases but argue that the proper remedy, if any, is a post-deprivation hearing.  ECF No. 20 at 1, n.1.  For support, they cite to Calvillo, 2026 WL 253627, where the petitioner was taken into immigration custody after agents with the United States Forest Service executed a federal search warrant at her residence and confiscated ammunition and weapons.  2026 WL 253627, at *2.  District Judge Coggins granted petitioner's TRO on procedural due process grounds but found a post-deprivation was the proper remedy because respondents "viably alleged that Petitioner's re-detention was precipitated by a changed circumstance arguably indicating that Petitioner is a threat to public safety." Id. at *3.  While petitioner's robbery arrest here may ultimately prove to be changed circumstances warranting re-detention, respondents have not put forth any specific arguments why he is a threat to public safety other than a general reference to his "criminal history." ECF No. 20 at 1, n.1.  Accordingly, the undersigned finds that respondents have not demonstrated why a post-deprivation hearing is the appropriate remedy here.

Accordingly, the undersigned recommends that the petition be granted on Count Two (procedural due process) and petitioner be immediately released from custody.  Respondents are enjoined from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice — describing the change of circumstances necessitating his arrest and detention — and a pre-deprivation hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.  See M.B., 2026 WL 74155, at *5 n.1 (collecting cases applying this burden of proof under similar circumstances).  In the interests of judicial economy, the undersigned need not address petitioner's remaining claims.

Finally, the undersigned notes that respondents do not assert that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), as amended by the Laken Riley Act, on account of his robbery arrest.[2]  Because respondents argue only that petitioner is subject to

---

[2]  That provision states that "[t]he Attorney General shall take into custody any [noncitizen] who . . . (i)is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault

6

detention under § 1225(b), see ECF Nos. 7, 20, the undersigned declines to sua sponte address the potential application of § 1226(c)(1)(E). See Lemos Pazos v. Warden, et al., No. 1:26-cv-2023 KES HBK (HC), 2026 WL 911606, at *2 (E.D. Cal. Apr. 2, 2026) (declining to sua sponte consider petitioner's detention as arising under § 1226(a) where respondents took position that petitioner is subject to mandatory detention under § 1225(b)(2)) (citing Cartagena Hueso v. Soto, No. 26-1455 (ZNQ), 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026)).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Petitioner Lovepreet Singh's (A# 208-203-248) application for a writ of habeas corpus be GRANTED on Count Two (procedural due process).

2.    Petitioner be released immediately from custody and respondents be directed not to impose any additional restrictions on him, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3.    Respondents be enjoined and restrained from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice — describing the change of circumstances necessitating his arrest and detention — and a pre-deprivation hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

4.    That any order adopting these findings and recommendations include language that it does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with

---

of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person . . .." 8 U.S.C. § 1226(c)(1)(E).

7

the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 24, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE