UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOVEPREET SINGH (A# 208-203-248),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-00030 DJC SCR

ORDER

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 24, 2026, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. ECF No. 21. Neither party filed objections to the findings and recommendations.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The Magistrate Judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454

(9th Cir. 1983). The Court has reviewed the file and finds the findings and recommendations to be supported by the record and by the Magistrate Judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 21) are adopted in full.

2. Petitioner Lovepreet Singh's (A# 208-230-248) application for a writ of habeas corpus (ECF No. 1) is granted.

3. Respondents shall immediately release Petitioner from custody and shall not impose any additional restrictions on him, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

4. Respondents are enjoined and restrained from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice – describing the change of circumstances necessitating his arrest and detention – and a pre-deprivation hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

5. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court is directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **May 4, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE